UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMONA JANINE WAFER,

Plaintiff,

v.

LAKESIDE VILLAGE APARTMENTS, et al.,

Defendants.

No. 2:25–cv–03355 CKD

ORDER

In November 2025, plaintiff, who is proceeding without counsel, filed her claims against defendants, paid the filing fee, and executed service. On December 17, 2025, defendants filed a motion to dismiss, noticing the motion for a January 28, 2026 hearing before the undersigned.[1] (ECF No. 13.) Under the Court's Local Rules, plaintiff was obligated to respond to defendants' motion no later than fourteen (14) days after the motion was filed. See E.D. Cal. L.R. 230(c); see also "Initial Scheduling Order," ECF No. 3 at ¶¶ 5-6 (citing L.R. 230(c), noting the deadline to file opposition, and cautioning that failure to do so "may result in the loss of a right to be heard at oral arguments, and may be taken as consent to granting of the motion."). A review of the court's docket reveals plaintiff failed to do so by the deadline.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Moreover, Local Rule 183(a) provides in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished); see also Warnken v. County of Solano, 2024 WL 4754200, *1 (E.D. Cal. Nov. 12, 2024) (collecting cases).

Plaintiff's failure to file opposition to the pending motion is in violation of Local Rules 110, 183(a), and 230(c), as noted above. Thus, plaintiff's claims are subject to dismissal.

---

[2] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

2

However, given plaintiff has been proceeding without counsel[3], the court will not recommend dismissal at this time. Instead, the court provides one final opportunity for plaintiff to respond to the pending motion (or to file a statement of non-opposition thereto). Any further failure to respond to the motion will be construed as non-opposition and will constitute additional grounds for dismissal under Rule 41(b).

Finally, Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ." Accordingly, the hearing on the motion is vacated, and after the expiration of the deadlines below, the court will decide the motion on the record and written briefing only.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 28, 2026 hearing on defendants' motion (ECF No. 13) is VACATED;

2. Plaintiff shall file a written opposition (or a statement of non-opposition) to the motion to dismiss on or before February 4, 2026. Failure to do so will be deemed a statement of non-opposition and consent to the granting of the motion, and may constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

3. Defendants may file a written reply to plaintiff's opposition within one week of plaintiff's filing. The court will take this matter under submission after this date.

Dated: January 15, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wafe3355.no opp

---

[3] On January 13, 2026, plaintiff filed request to substitute an attorney as counsel in this action. (ECF No. 18.)

3