UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMONA JANINE WAFER,

Plaintiff,

v.

LAKESIDE VILLAGE APARTMENTS, et al.,

Defendants.

No.  2:25-cv-03355 CKD

ORDER

This action proceeds on the complaint filed November 19, 2025.  (ECF No. 1, "Cmpl.")  Before the court is defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 13.)  Plaintiff has opposed the motion, and defendants have filed a reply.  (ECF Nos. 21-1, Ex. A & 23.)  After plaintiff filed her reply, the court took the matter under submission without appearance and argument pursuant to Local Rule 230(g).  (ECF No. 22.)  The parties have consented to magistrate judge jurisdiction for all purposes.  (ECF No. 17.)  For the reasons set forth below, the court will grant defendant's motion and dismiss this action for lack of jurisdiction.

I.      The Complaint

Plaintiff Romona Wafer alleges that she is a disabled African-American woman who retired in 2016.  (Compl., ¶ 4.)  Her source of income is Social Security Disability Income (SSDI) payments.  (Id.)  She receives a Section 8 Housing Choice Voucher that covers part of her rent.

1

(Id.)  Plaintiff resides in Lakeside Village Apartments ("LVA") in Marysville, CA. (Id.) Defendants are "the owners and management" of LVA, namely LVA, La Paloma Apartments, JMKK Lakeside LLC, MDH Lakeside LLC, Westcal Management, and Chloe Wilkinson. (Id.,¶¶ 1, 6-8.)

In November 2024, plaintiff wanted to erect a fence around the garden/patio area of her ground-floor apartment to separate it from foot traffic, stray animals, and homeless people in the nearby vicinity. (Id., ¶ 11.)  Plaintiff had to take her "emotional support" dogs outside at night and felt unsafe on her back patio. (Id., ¶¶ 12-13. ) Plaintiff verbally requested a garden fence in November 2024 and submitted a written request for a "reasonable accommodation" in February 2025. (Id., ¶¶ 17, 19.)  In March 2025, defendant Wilkerson "informed me that due to building code restrictions, Lakeside Village Apartments would not be able to proceed with my requested reasonable accommodation/ modification." (Id., ¶ 24.)  Plaintiff continued to correspond with defendants and/or their lawyers about the requested fence.  (Id., ¶¶ 30-33.)  She submitted information verifying her disability in May 2025. (Id., ¶ 32.)  That month, her request for "reasonable accommodation" was denied.  (Id.)

In May 2025, plaintiff's rent was raised by $25.00, which she alleges was "retaliatory." (Id., ¶ 35.)  In November 2025, plaintiff was issued a three-day notice to either "undo the landscaping in the buffer zone between my patio and the community [path]" or quit the premises. (Id., ¶¶ 43-44.)  That month, plaintiff requested another "reasonable accommodation" allowing her to leave in place the landscaping, bench, and umbrella she had added to the buffer zone.  (Id., ¶ 49.)  Plaintiff alleges that, as of the filing of the complaint in November 2025, there had been "no resolution" of these issues and she had been "denied reasonable accommodation/modification" for over nine months." (Id., ¶ 50.)

Plaintiff asserts claims under the California Unruh Act (Claim 1), the California Fair Employment and Housing Act (Claim 2), and claims for breach of duty (Claim 3), and negligent misrepresentation (Claim 4).

////

////

2

II.    Motion to Dismiss Pursuant to Rule 12(b)(1)

A. Legal Standard

Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint.  A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979). Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint.  Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). In a facial attack on jurisdiction, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

B. Discussion

Here, plaintiff invokes federal question jurisdiction under 28 U.S. § 1331. (Compl., ¶ 2.) However, plaintiff asserts four state causes of action citing California statutes. The complaint

3

does not set forth a federal cause of action.

In the body of the complaint, however, plaintiff alleges that defendants acted "in violation of federal and state fair housing laws and [the] Americans with Disabilities Act of 1990." (Id., ¶ 1.)  Arguing for federal question jurisdiction, plaintiff cites 42 U.S.C. § 3613 and 12188(a).  (Id., ¶ 2.)  Section 3613(1)(A) is a Fair Housing Act (FHA) provision which provides that an aggrieved person may bring a civil action in federal district court no later than two years after an alleged discriminatory housing practice. Section 12188 is the enforcement provision for Title II of the Americans with Disabilities Act (ADA).

Plaintiff argues that she presents a FHA claim on the face of the complaint.  Plaintiff asserts that the complaint states "a plausible FHA claim for failure to accommodate/modify and retaliatory interference."[1] (ECF No. 21-1 at 7-8, citing 42 U.S.C. §§ 3604(f) and 3617.) Defendants counter that the complaint does not assert a cause of action pursuant to the FHA, nor does it cite provisions § 3604 or § 3617, and thus does not present a federal question on its face.

The Fair Housing Act makes it unlawful to "discriminate against any person in the . . . sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of any person associated with that person." Birdwell v. AvalonBay Communities, Inc., 742 F.Supp.3d 1024, 1038-39 (N.D. Cal. July 29, 2024) (citing 42 U.S.C. § 3604(f)(2)(A)).  "[A] failure-to-accommodate plaintiff must show: 1) the existence of a covered handicap; 2) the defendant's knowledge or constructive knowledge of that handicap; 3) that an accommodation 'may be necessary'; 4) that the accommodation is reasonable; and 5) that the defendant refused to make the necessary and reasonable accommodation upon request." Id. at 1039 (quoting Salisbury v. City of Santa Monica, 998 F.3d 852, 857–58 (9th Cir. 2021)).

---

[1] Plaintiff does not argue that the complaint pleads a plausible ADA claim. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Though plaintiff uses the ADA phrase "reasonable accommodation" when describing the housing modifications she would like, she does not allege facts raising a genuine question of whether any defendant violated the ADA.

As to the first element, a "handicap" is (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment.  42 U.S.C. § 3602(h).  In the complaint, plaintiff refers to her "disability" without ever defining it. At times, she speaks of multiple "disabilities." (See Compl., ¶ 24.)  In response to a letter "requesting additional information about how my requested reasonable accommodation/modification was related to my disability[,]" plaintiff sent "additional information" including a verification of disability "provided by my sister." (Id., ¶¶ 30, 32.)  These vague and conclusory allegations are not sufficient to allege a mental or physical disorder that substantially limits major life activities. Plaintiff's allegation that the lack of a patio fence "exacerbate[es] my disability" (id., ¶ 15) is also conclusory, with no underlying factual allegations.  Similarly, plaintiff's wish to landscape the "buffer zones" of her apartment complex with an "outdoor bench and sun umbrella I had purchased to sit and enjoy my outdoor surroundings" does not suggest any specific handicap, though plaintiff mentions slipping and falling in wet weather and "extreme discomfort" from sitting in direct sunlight.  (See id., ¶¶ 44, 45, 47, 48.)  However, construing the complaint in the light most favorable to plaintiff, the allegation that plaintiff receives SSDI payments is sufficient to allege a "covered disability" under the FHA.

Nonetheless, plaintiff has not sufficiently alleged that her desired accommodations may be necessary.  An accommodation is necessary when there is evidence showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability.  Castellano v. Access Premier Realty, Inc., 181 F.Supp.3d 798, 806 (E.D. Cal. April 20, 2016) (citing Book v. Hunter, 2013 WL 1193865 (D. Or. Mar. 21, 2013) ("[T]here must be an identifiable relationship, or nexus, between the requested accommodation and the individual's disability.") (other citation omitted)).  The complaint never explains how a garden fence, bench, landscaping, or sun umbrella will "ameliorate the effects" of plaintiff's handicaps.  The gravamen of the complaint is plaintiff's wish for modifications to her living area, citing vague and nonspecific "disabilities" to cast these changes as "reasonable accommodations" under federal law. This does not suffice to raise a federal question.

Under § 3617, it is unlawful under the FHA "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by the FHA." Ohio House, LLC v. City of Costa Mesa, 135 F.4th 645, 670 (9th Cir. 2025) (citing 42 U.S.C. § 3617).  A retaliatory interference claim under the FHA "reaches all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws."  Id.  Plaintiff does not allege facts showing that any defendant interfered with the exercise of her rights under federal fair housing laws.

Taking all allegations as true and construed in the light most favorable to plaintiff, there is no federal question under the FHA or ADA presented on the face of the complaint.  Without a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue and are subject to dismissal.[2]

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Defendant's motion to dismiss for lack of jurisdiction (ECF No. 13) is GRANTED;

2.  The complaint is dismissed for lack of subject matter jurisdiction; and

3.  The Clerk of Court is directed to close this case.

Dated:  April 29, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wafe3355.mtd

---

[2] The court does not reach defendants' other arguments for dismissal.

6